Henry G. RUNKEL, Jr., Trustee of the Estate of Henry G. Runkel and Executor of the Estate of Rosalie H. Runkel, Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

No. 74–2110.

United States Court of Appeals, Ninth Circuit.

Dec. 9, 1975.

Michael L. Paup (argued), U. S. Dept. of Justice, Washington, D. C., for defendant-appellant.

John E. Weber (argued), Hennings, Maltman & Weber, Seattle, Wash., for plaintiff-appellee.

OPINION

Before CHAMBERS and KENNEDY, Circuit Judges, and JAMESON,* District Judge.

---

\* The Honorable William J. Jameson, United States Senior District Judge for the District of Montana, sitting by designation.

CHAMBERS, Circuit Judge:

On November 17, 1969, Henry G. Runkel sold to Hill & Dale, Inc. the real property involved in this action. The sale was pursuant to a real estate sales contract which was recorded in King County, Washington, on December 9, 1969. The contract provided that the purchase price was to be paid in semi-annual installments of $3,000, that legal title was to remain in the sellers until the payment was completed, and that upon the default of any installment payment, the sellers could .declare the purchaser's interest in the property forfeit. Plaintiffs succeeded to the sellers' interest in the fall of 1970. Hill & Dale failed to make the installment payment due on December 9, 1971. The plaintiff notified Hill & Dale on April 12, 1972, of his intent to declare a forfeiture and on May 17, 1972, notified the purchaser of the declaration of forfeiture.

The government had made assessments for withholding and FICA taxes against Hill & Dale and demanded payments in the amounts of $2,122.46 on March 26, 1971; $1,933.35 on June 22, 1971; $1,622.66 on September 14, 1971; and $108.44 on April 3, 1972.

On July 19, 1972, plaintiff filed a quiet title action in state court seeking to extinguish any claimed government tax liens on the property as inferior to his interest. On April 18, 1973, the government removed the case to United States District Court. The state court subsequently issued a judgment determining that the interests of all defendants in the quiet title action were inferior to the plaintiff's and quieting title in the plaintiff. The government was expressly excluded from the operation of this decree. The district court entered summary judgment for the plaintiff and this appeal followed.

The issue presented for appeal in this case is whether a declaration of forfeiture of the purchaser's interest under the real estate sales contract served to forfeit any interest the government had in this property based on the tax liens. The first matter for consideration is whether the government had any interest in this realty by reason of the recorded tax liens.

Tax liens arise at the time of assessment and take effect after the government's demand for payment. Once the demand has been made, the liens are treated as effective since the time of assessment. The liens attach to "all property and rights to property, whether real or personal, belonging to" the taxpayer against whom the assessment is made. 26 U.S.C. § 6321. The rights in property to which the liens may attach are created under state law. Hill & Dale, under Washington law, had an equitable interest in the realty even though the seller retained legal title. *Eckley v. Bonded Adjustment Co.,* 30 Wash.2d 96, 190 P.2d 718 (1947). Under Washington law, this interest is of the type to which creditors' liens may attach. A federal tax lien may also attach to it. The three tax liens in this action were, therefore, attached to Hill & Dale's interest at the time of the declaration of forfeiture since there had been an assessment and demand.

We come now to the question of whether the tax liens, having attached to the property, were extinguished by the declaration of forfeiture. Both parties agree that state law governs divestiture of federal tax liens except to the extent that Congress has entered the field. *United States v. Brosnan,* 363 U.S. 237, 80 S.Ct. 1108, 4 L.Ed.2d 1192 (1960). The real issue is whether the provisions of 26 U.S.C. § 7425(b) and (c) apply in this action.

26 U.S.C. § 7425 .provides that before federal tax liens may be extinguished, in certain situations, there must be notice to the government. Sub-section (b) of that section applies this notice requirement to tax liens which were recorded more than thirty days before the nonjudicial sale by which the tax lien is sought to be extinguished. The tax liens in this matter were filed more than thirty days before the declaration of forfeiture. Since the notice requirement ap-

plies to nonjudicial sales but not to non-sale dispositions of property, we must decide whether the declaration of forfeiture is a nonjudicial sale.

Both parties agree that the term "sale" as employed by the statute refers to more than the classic real estate sales transaction. The regulations which the service has promulgated under this section would extend the sales concept to a variety of mortgage foreclosure and deed of trust foreclosure situations. There is little case authority on the question of what constitutes a nonjudicial sale under this section. We must, therefore, carefully examine the characteristics of this transaction to determine if it is a sale.

We find that the declaration of forfeiture was not a sale in the meaning of 26 U.S.C. § 7425(b). Upon a declaration of forfeiture under a Washington real estate sales contract there is no passage of legal title to the realty. The seller has always retained legal title; the buyer merely has an equitable interest. The buyer upon default does not sell his interest in the property back to the seller but rather the seller exercises his contractual right to extinguish the interest of the buyer. This is not a sale of property within the meaning of sub-section (b). The distinction between mortgage and deed of trust foreclosures on one hand, and a declaration of forfeiture under a real estate contract, on the other, reinforces this conclusion. Under a declaration of forfeiture, the property is merely returned to the seller. That is not true, in Washington, of foreclosure of a mortgage or deed of trust. In these cases there must be a sale so that others can bid on the property. The creditor must bid at the sale to obtain the property; its return to his possession is not automatic as with a forfeiture under a real estate contract. See Wash.Rev.Code Ann. §§ 61.12.040, 61.12.060, 61.24.040. There is a clear distinction between the sale of property and the mere forfeiture of an interest in that property. 26 U.S.C. § 7425 does not apply to the case at hand.

Since there is no controlling federal law, we must look to state law to determine if the declaration of forfeiture extinguished the tax liens. The Washington rule is that a declaration of forfeiture under an executory real estate sales contract is effective to extinguish liens upon the buyer's interest in the contract unless the seller had actual notice of the liens. *Kendrick v. Davis,* 75 Wash.2d 456, 452 P.2d 222 (1969). The seller in this case did not have actual notice of the liens, therefore his declaration of forfeiture extinguished those liens.

Affirmed.