Frank M. and Marjorie S. HEDLUND, a marital community, Plaintiffs,

v.

Richard L. and Sheila A. BRELLENTHIN, a marital community and Richard L. and Jane Doe Brellenthin, a marital community, Eastside Glass and Paint Company, A Washington Corporation, District Director of Internal Revenue, Western Division, State of California, ex Rel. Rene Brellenthin, State of Arizona ex Rel. Winnie Rozelle, State of Washington, Department of Labor and Industries, Defendants.

Civ. A. No. C80–593R.

United States District Court, W. D. Washington.

July 30, 1981.

William J. Carlson, Redmond, Wash., for plaintiffs.

Donald M. Currie, Asst. U.S. Atty., Seattle, Wash., for defendants.

## MEMORANDUM OPINION AND ORDER

HARDY, District Judge.

The plaintiffs, Frank M. Hedlund and Marjorie S. Hedlund, sold two parcels of real property to the defendants Richard L. Brellenthin and Sheila A. Brellenthin pursuant to real estate contracts which provided that upon receiving full payment the Hedlunds would convey title to the Brellenthins by delivering appropriate deeds. On February 18, 1980, after the Brellenthins had failed to make purchase price payments and to pay taxes on both parcels, the Hedlunds caused to be served upon them by certified mail a Notice of Intention to Declare a Forfeiture of and Cancel Real Estate Contracts. On March 24, 1980, after the Brellenthins had failed to cure the defaults, the Hedlunds declared a forfeiture of the contracts by serving upon the Brellenthins by certified mail a Notice of Declaration of Forfeiture and Cancellation of Contracts.

During the time the contracts were in effect, a number of liens attached to the Brellenthins' interest in the properties:

1. A claim of lien by Eastside Glass and Paint Company, together with a lis pendens giving notice of an action by Eastside to foreclose the lien. Eastside did not appear in this action and its default has been entered.

2. Two federal tax liens.

3. A decree of dissolution of marriage dissolving the marriage of Richard L. and Sheila A. Brellenthin and obligating him to pay her $10,000. It does not appear that Sheila has been served with process in this action.

4. Judgments in favor of the State of California, ex rel. Winnie Rozelle, and the State of Arizona, ex rel. Rene Brellenthin, for child support arrearages and/or reimbursement for public assistance.

5. A judgment in favor of the State of Washington, Department of Labor &

Industries, against Richard Brellenthin and Jane Doe Brellenthin. The State of Washington has not appeared in this action and its default has been entered.

The Hedlunds have filed a motion for summary judgment against all parties. The United States of America and the States of California and Arizona have filed cross-motions for summary judgment. A Notice of Stay has been filed in this court giving notice that Richard L. Brellenthin and Milo Brellenthin (apparently his present wife) have filed a petition under Chapter XIII of the Bankruptcy Act, as a result of which an automatic stay has come into effect. The Notice also recites,

"In addition, most actions and proceedings are stayed as against co-debtors."

The United States and the two states are not co-debtors of Brellenthin. Accordingly, the Court will proceed to rule on the motions for summary judgment.

For the reasons stated hereinafter, the motion of Hedlunds will be granted and the motions of the United States and the States of Arizona and California will be denied.

### The Claim of Federal Tax Lien Priority

The Federal Tax Lien Act of 1966, 26 U.S.C. § 7425(b), provides that when the United States has or claims a tax lien against property "... a sale ... made pursuant to an instrument creating a lien on such property, pursuant to a confession of judgment on the obligation secured by such an instrument, or pursuant to a nonjudicial sale under a statutory lien on such property ..." shall be made subject to the tax lien if notice of the sale is not given in writing by registered or certified mail or by personal service to the Secretary of Treasury not less than twenty-five days prior to the sale.

In *Runkel v. United States*, 527 F.2d 914 (9th Cir. 1975), the Ninth Circuit Court of Appeals held that a declaration of forfeiture of a real estate sales contract was not a sale of property within the meaning of subsection (b). Thereafter, the Secretary of Treasury promulgated section 301.7425–2(a) of the Treasury Regulations on Procedure and Administration (26 C.F.R.), which provided, in pertinent part:

The term "nonjudicial sale" includes, but is not limited to, the divestment of the taxpayer's interest in property which occurs by operation of law, by public or private sale, by forfeiture, or by termination under provisions contained in a contract for a deed or conditional sales contract ....

The United States argues that this definition is a reasonable interpretation of section 7425(b) of the Internal Revenue Code of 1954 (26 U.S.C.) and has the force and effect of law. I disagree.

■ The power to prescribe rules and regulations is not the power to make law. *Manhattan General Equipment Co. v. Commissioner of Internal Revenue*, 297 U.S. 129, 134, 56 S.Ct. 397, 399, 80 L.Ed. 528 (1936), *rehearing denied* 297 U.S. 728, 56 S.Ct. 587, 80 L.Ed. 1010. The Treasury Department may not supply omissions or enlarge the scope of the Internal Revenue Code. *Busey v. Deshler Hotel Co.*, 130 F.2d 187, 190 (6th Cir. 1942). *See also Hart and Miller Islands Area Environmental Group, Inc. v. Corps of Engineers*, 459 F.Supp. 279, 281 (D. Md. 1978) (agency regulation cannot by definition expand the reach of statute), *rev'd on other grounds*, 621 F.2d 1281 (4th Cir. 1980), *cert. denied*, 449 U.S. 1003, 101 S.Ct. 544, 66 L.Ed.2d 300 (1980).

■ The Treasury Department has lifted "nonjudicial sale" out of context, and has given it a definition which is inconsistent with the provisions of the statute and which enlarges the scope of the statute. Its definition has failed to give consideration to the modifying phrase "under a statutory lien on such property," which plainly restricts the meaning of a "judicial sale" to a sale authorized by a statute providing for a lien on property. *Cf. Arkansas-Oklahoma Gas Co. v. Commissioner of Internal Revenue*, 201 F.2d 98, 102 (8th Cir. 1953) (the legislative definition of "emergency facility" was so broad as to leave no room for administrative limitation).

### The Claims of Arizona and California

■ Arizona and California recognize that it is the rule in Washington that a vendee's interest under a contract for the

sale of real property is subject to attachment by a creditor of the vendee only where his interest has not been forfeited or abandoned prior to a levy. *Welling v. Mount Si Bowl, Inc.*, 79 Wash.2d 485, 487 P.2d 620 (1971).

To avoid application of that rule in this case they urge that it should be applied only to commercial judgment creditors and not creditors whose judgments are for the collection of unpaid child support. They argue that public policy dictates this distinction. However, they cite no authority to support this argument.

The judgment liens of the states attached only to whatever title Brellenthins had in the parcels of property. When that title was extinguished, the liens were extinguished. If anything, a stronger public policy argument could be made that a vendor of real property does not enter into a contract of sale at the risk of having his title encumbered because of the failure of his vendee to provide child support.

The states also argue that they were entitled to notice of the intention to declare a forfeiture because their judgment liens had been recorded and because the Hedlunds must have had notice of the existence of their liens.

In Washington the recording of an instrument is constructive notice only to persons acquiring interest subsequent to the recording and it is not notice to persons who had an interest at the time of recording. *Kendrick v. Davis*, 75 Wash.2d 456, 464, 452 P.2d 222 (1969).

The claim of actual notice is supported only by the assertion that on April 1, 1980, the Hedlunds ordered a title report from a title insurance company which disclosed the interests claimed by the states. This argument is patently ridiculous. The forfeiture was effected on March 24, 1980. Nothing has been presented to show that the Hedlunds had actual notice at that time.

The Hedlunds are entitled to summary judgment against the States of Arizona and California.

IT IS ORDERED granting summary judgment in favor of the Hedlunds and against the United States of America on its tax liens, the State of California, ex rel. Rene Brellenthin, and the State of Arizona, ex rel. Winnie Rozelle, on their judgment liens.