**BROOKBANK, INC., a Washington corporation, Plaintiff-Appellant,**

v.

**Richard H. HUBBARD and Germaine G. Hubbard, husband and wife, The United States of America, United States Gypsum, Defendants-Appellees.**

No. 82–3277.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 10, 1983.

Decided Aug. 1, 1983.

Laurel L. Tiller, Moore, Tiller, Fagerness & Wheeler, Centralia, Wash., for plaintiff-appellant.

Gilbert S. Rothenberg, Washington, D.C., for defendants-appellees.

Before WALLACE, ANDERSON, and SCHROEDER, Circuit Judges.

SCHROEDER, Circuit Judge:

The United States government filed tax liens on the property interest which Richard and Germaine Hubbard held as purchasers, under a real estate sales contract, in the state of Washington. The contract provided that the seller would retain title until the entire purchase price was paid. The purchasers defaulted and the seller, plaintiff-appellant Brookbank, declared a forfeiture of their interest pursuant to the provisions of the contract. Brookbank then filed this quiet title action to extinguish the government's tax liens, pursuant to 28 U.S.C. § 2410.

The government defended on the theory that Brookbank's declaration of forfeiture was a "nonjudicial sale" of which the United States had not received notice, and that therefore, the declaration of forfeiture could not extinguish the government's lien. It relied upon 26 U.S.C. § 7425(b) which provides in pertinent part that:

> a sale of property on which the United States has or claims a lien, or a title derived from enforcement of a lien, under the provisions of this title, made pursuant to an instrument creating a lien on such property, pursuant to a confession of judgment on the obligation secured by such an instrument, or pursuant to a nonjudicial sale under a statutory lien on such property—
>
> .     .     .     .     .
>
> shall have the same effect with respect to the discharge or divestment of such lien or such title of the United States, as may be provided with respect to such matters

by the local law of the place where such property is situated, if—

.     .     .     .     .

> notice of such sale is given in the manner prescribed in subsection (c)(1).

26 U.S.C. § 7425(b) (1976). The district court agreed that Brookbank had effected a nonjudicial sale without giving notice to the government and dismissed the complaint. Brookbank appeals.

The principal obstacle in the government's path to an affirmance is this court's decision in *Runkel v. United States,* 527 F.2d 914, 917 (9th Cir.1975), which squarely held that a declaration of forfeiture in the state of Washington is not a sale for purposes of section 7425(b), and that, in a fact situation identical in all material respects to this one, no notice was required to extinguish the United States' tax lien.

The government tries to surmount this obstacle by arguing that *Runkel* is no longer controlling in light of the subsequently promulgated Treasury Regulation defining forfeiture of a contract interest as a "nonjudicial sale." *See* 26 C.F.R. § 301.7425–2 (1982).[1] The district court accepted the regulation as controlling.

The difficulty with this analysis is that the United States Supreme Court has held that state law determines whether federal tax liens are extinguished, unless Congress by statute provides otherwise. *United States v. Brosnan,* 363 U.S. 237, 240–42, 80 S.Ct. 1108, 1110–12, 4 L.Ed.2d 1192 (1960). Congress did to some extent limit the power of state proceedings to extinguish tax liens by requiring notice to the government when extinction would occur

---

1. The relevant portion of the regulation provides

    Section 7425(b) contains provisions with respect to the effect on the interest of the United States in property in which the United States has or claims a lien, or a title derived from the enforcement of a lien, of a sale made pursuant to—

    (1) An instrument creating a lien on the property sold,

    (2) A confession of judgment on the obligation secured by an instrument creating a lien on the property sold, or

    (3) A statutory lien on the property sold. For purposes of this section, such a sale is referred to as a "nonjudicial sale." The term "nonjudicial sale" includes, but is not limited to, the divestment of the taxpayer's interest in property which occurs by operation of law, by public or private sale, by forfeiture, or by termination under provisions contained in a contract for a deed or a conditional sales contract.

26 C.F.R. § 301.7425–2(a) (1982).

by judicial proceedings or by nonjudicial sale. *See* 26 U.S.C. § 7425; S.Rep. No. 1708, 89th Cong.2d Sess. *reprinted in* 1966 U.S.Code Cong. & Ad.News 3722, 3748–49. By implication, if state law permits extinction in a manner other than by sales described in section 7425, no notice is required. *Runkel,* 527 F.2d at 917.

We held in *Runkel* that there is no applicable federal statute on this point, and that we must therefore look to Washington law to determine whether there has been a sale. *Id.* An agency's promulgation of a regulation is not a Congressional directive, and a federal regulation alone cannot supplant state law. *See Manhattan General Equipment Co. v. C.I.R.,* 297 U.S. 129, 135, 56 S.Ct. 397, 400, 80 L.Ed. 528 (1936); *cf. Brosnan,* 363 U.S. at 242, 80 S.Ct. at 1112. The regulation's attempt to broaden the scope of the notice requirement is inconsistent with the statute as we have interpreted it. *Cf. Federal Savings & Loan Assoc. v. De La Cuesta,* 458 U.S. 141, 154, 102 S.Ct. 3014, 3022–23, 73 L.Ed.2d 664 (1982) (regulations must not be inconsistent with the underlying statute). Nor do the cases upon which the government relies demonstrate that Washington law has changed in any relevant respect. *See e.g., In re Freeborn,* 94 Wash.2d 336, 338, 617 P.2d 424, 426 (1980) (vendor retains legal title under real estate contract). *Runkel* thus remains controlling authority.

Another district court has considered the issue raised here. That court reached a result contrary to the district court's conclusion in this case. *Hedlund v. Brellenthin,* 520 F.Supp. 81 (W.D.Wa.1981). We approve the *Hedlund* analysis.

Reversed.