[No. 51144-6. En Banc. June 13, 1985.]

BAVARIAN PROPERTIES, LTD., *Respondent,* v. RAYMOND E. ROSS, ET AL, *Defendants,* THE UNITED STATES OF AMERICA, *Appellant.*

THE HUISMAN GROUP, INC., *Respondent,* v. JAMES GOODING, ET AL, *Defendants,* THE UNITED STATES OF AMERICA, *Appellant.*

*Gene S. Anderson, United States Attorney, Glenn L. Archer, Jr., Assistant Attorney General,* and *Michael L. Paup, Carleton D. Powell,* and *Kristina E. Harrigan, Department of Justice Attorneys,* for appellant.

*Kempton & Gossard,* by *David W. Gossard,* for respondents.

DURHAM, J.—These consolidated cases are appeals from quiet title actions involving real property purchased at sheriff's execution sales. The United States appeals the trial court's ruling that the junior federal tax liens on the properties were extinguished by the execution sales. We reverse, holding that a federal tax lien which has been filed is not extinguished by an execution sale unless the United States is given written notice of the sale 25 days before the sale is held.

The relevant facts are similar in both cases.

## BAVARIAN PROPERTIES

On April 15, 1976, and April 30, 1976, judgments were entered in King County Superior Court against Raymond E. Ross and Jacqueline Ross. On April 12, 1977, a federal tax lien was filed on their property. On December 21, 1979, the real property subject to this suit was sold at a sheriff's sale in execution of the April 15, 1976 judgment. No notice of the sale was given to the United States. The property was redeemed by Arctic Trading Co., Inc., which then assigned it to respondent Bavarian Properties, Ltd. On February 2, 1981, a sheriff's deed for the property was issued to Bavarian Properties, Ltd., and on May 27, 1982, respondent filed suit to quiet title.

## THE HUISMAN GROUP

On September 16, 1975, a judgment was entered in King County Superior Court against Charles J. Long and his wife. On April 20, 1977, a federal tax lien was filed on their property. On January 18, 1980, the real property subject to

this suit was sold to Master Mortgages, Inc., at a sheriff's sale in execution of the September 16, 1975 judgment. No notice of this sale was given to the United States. Respondent, The Huisman Group, is the successor in interest to Master Mortgages, Inc. On February 4, 1981, a sheriff's deed for the property was issued to The Huisman Group and on July 6, 1982, respondent filed suit to quiet title.

In each case the trial court quieted title in the respondent, and ruled that the junior federal tax lien had been extinguished by the execution sale.

The creation, continuance, validity and release of federal tax liens are governed by federal law. *United States v. Brosnan,* 363 U.S. 237, 240, 4 L. Ed. 2d 1192, 80 S. Ct. 1108 (1960). The federal courts will apply relevant state law if Congress has not enacted legislation governing the effect of federal tax liens under particular circumstances. *United States v. Brosnan, supra* at 240–41. However, 26 U.S.C. § 7425(b) governs the federal tax liens at issue in these cases.

Section 7425 delineates the exclusive procedure by which a federal tax lien may be extinguished on property subject to certain types of state judicial sales (section 7425(a)) and all other nonjudicial forced sales (section 7425(b)).[1] Appellants contend that section 7425 simply does not apply in this case. They maintain that an execution sale is inherently a judicial sale, thus rendering section 7425(b) inapplicable. Furthermore, they contend that it is not among the types of judicial sales governed by section 7425(a). We disagree with this analysis.

■ The term "judicial sale" as used in section 7425(a)[2]

---

[1] A narrow exception to the scope of this statute has been found by some courts for transactions which are not *sales. See Brookbank, Inc. v. Hubbard,* 712 F.2d 399, 400–01 (9th Cir. 1983); *Runkel v. United States,* 527 F.2d 914, 916–17 (9th Cir. 1975). However, an execution sale does not fit within this exception.

[2] Section 7425(a) provides as follows:
"(a) Judicial proceedings
"If the United States is not joined as a party, a judgment in any civil action or suit described in subsection (a) of section 2410 of title 28 of the United States Code, or a judicial sale pursuant to such a judgment, with respect to property on

refers to a plenary procedure in which the rights of all parties with an interest in a piece of property are subject to a complete and formal hearing on the merits. *Myers v. United States,* 647 F.2d 591, 598–99 (5th Cir. 1981); *see also* S. Rep. No. 1708, 89th Cong., 2d Sess., *reprinted in* 1966 U.S. Code Cong. & Ad. News 3722, 3748. In contrast, an execution sale provides a judgment creditor with an expeditious means of collecting on a judgment without further litigation. Other creditors' rights are protected only after the sale, by their right to redeem the property. Although a court may exercise its equitable powers to set aside an execution sale that is unfair, *e.g., Miebach v. Colasurdo,* 102 Wn.2d 170, 177, 685 P.2d 1074 (1984), the essential nature of an execution sale remains nonjudicial.

A sheriff's sale in execution of a judgment is a sale of property pursuant to a nonjudicial sale under a statutory lien on such property and, as such, is governed by section 7425(b). This provision provides in relevant part:

(b) Other sales

Notwithstanding subsection (a) *sale of property on which the United States has or claims a lien,* or a title derived from enforcement of a lien, under the provisions of this title, made pursuant to an instrument creating a lien on such property, pursuant to a confession of judgment on the obligation secured by such an instrument, or *pursuant to a nonjudicial sale under a statutory lien on*

which the United States has or claims a lien under the provisions of this title—

"(1) shall be made subject to and without disturbing the lien of the United States, if notice of such lien has been filed in the place provided by law for such filing at the time such action or suit is commenced, or

"(2) shall have the same effect with respect to the discharge or divestment of such lien of the United States as may be provided with respect to such matters by the local law of the place where such property is situated, if no notice of such lien has been filed in the place provided by law for such filing at the time such action or suit is commenced or if the law makes no provision for such filing.

"If a judicial sale of property pursuant to a judgment in any civil action or suit to which the United States is not a party discharges a lien of the United States arising under the provisions of this title, the United States may claim, with the same priority as its lien had against the property sold, the proceeds (exclusive of costs) of such sale at any time before the distribution of such proceeds is ordered."

*such property—*

    (1) *shall, except as otherwise provided, be made subject to and without disturbing such lien or title, if* notice of such lien was filed or such title recorded in the place provided by law for such filing or recording more than 30 days before such sale and *the United States is not given notice of such sale in the manner prescribed in subsection (c)(1)*; or

    (2) shall have the same effect with respect to the discharge or divestment of such lien or such title of the United States, as may be provided with respect to such matters by the local law of the place where such property is situated, if—

        (A) notice of such lien or such title was not filed or recorded in the place provided by law for such filing more than 30 days before such sale,

        (B) the law makes no provision for such filing, or

        (C) notice of such sale is given in the manner prescribed in subsection (c)(1).

(Italics ours.)

■ Notice of the execution sale was not provided to the United States in either case before us. Joinder of the United States in these quiet title actions cannot substitute for prior notice of the *sales*. Since no notice of the sales was provided, the sales were made subject to the federal tax liens. This result is specified in clear language in the statute. When the language of a statute is plain and free from ambiguity, there is no room for construction because the meaning will be discovered from the wording of the statute itself. *People's Org. for Wash. Energy Resources v. Utilities & Transp. Comm'n,* 101 Wn.2d 425, 429–30, 679 P.2d 922 (1984).

Respondents' argument that such a result would be inequitable is not persuasive. The federal tax liens were filed with the county auditor. A title check would have revealed this fact. In addition, purchasers or redemptioners of property sold at an execution sale should be aware that other claims to the property may exist. The record does not show if respondents had actual notice of the federal tax liens and purchased the properties with this possible cost in mind or

merely had constructive notice of the liens and imprudently failed to investigate their status. In either case, respondents had the opportunity to protect their interests.

The decision of the trial court in each case is reversed. Title to the properties is quieted in respondents, subject to the federal tax liens.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, CALLOW, and GOODLOE, JJ., concur.