Andrew B. JOHNSON, individually and as Personal Representative of the Estate of Andrew Walfrid Johnson, and Joan M.M. Kuder, Plaintiffs,

v.

UNITED STATES of America; Robert A. Mitchell, W.W. Grainger, Inc., Northland Electric Supply Company, David Gellman, d/b/a Pearsons, County of Hennepin, State of Minnesota, Twin City Storm and Sash Company, Inc., Defendants.

No. 3–85 Civ. 148.

United States District Court, D. Minnesota, Third Division.

Aug. 9, 1985.

James B. Dickinson, Wayzata, Minn., for plaintiffs.

Beth Sabbeth, Dept. of Justice, Washington, D.C., for defendant U.S.

ORDER

ALSOP, Chief Judge.

This matter comes before the court upon (1) plaintiffs' motions for summary judgment against defendants United States of America and Twin City Storm and Sash Company, Inc.; (2) plaintiffs' motions for default judgment against defendants Robert A. Mitchell, Northland Electric Supply Co., David Gellman d/b/a Pearsons, and the County of Hennepin; and (3) defendant United States of America cross motion for summary judgment against plaintiffs. Plaintiffs filed this quiet title action to extinguish defendants' liens against the subject real property.

Among the motions now before the court, the only contested matters are the cross motions for summary judgment between the plaintiffs and the United States of America. The parties stipulated at oral argument that the United States of America be substituted as a party defendant in place of the District Director of Internal Revenue Service. The issue raised by the cross motions is whether a statutory cancellation of a contract for deed under Minnesota law, of which the United States had

not received notice, extinguished federal tax liens on the subject real property.

Based upon the file, records and proceedings herein, including the submissions of counsel relevant to these motions, the court makes the following:

### FINDINGS OF UNDISPUTED FACT

1. There is no genuine issue as to any material fact underlying this action.

2. Plaintiffs are the record owners of a tract of real property located within the County of Hennepin, State of Minnesota, legally described as follows:

Lot 4, Block 6, Smith and Howe's First Addition to Minneapolis.

Subject to restrictions, reservations and easements of record, if any.

(The subject real property.)

3. On June 11, 1981, plaintiffs sold the subject real property to defendant Robert A. Mitchell (Mitchell) pursuant to a contract for deed which was recorded on June 25, 1981 in the Hennepin County Recorder's Office as Document No. 4652561.

4. Subsequent to this sale, Mitchell incurred obligations culminating in the attachment of certain liens to the subject real property. These liens include the following:

(a) Judgment Lien of Northland Electric Supply Company docketed July 23, 1982 in Hennepin County ($1,167.72).

(b) Judgment Lien of County of Hennepin docketed November 1, 1982 ($3,312.50).

(c) Judgment Lien of David Gellman d/b/a Pearsons docketed October 11, 1983 ($658.45).

(d) Notice of Federal Tax Lien dated May 2, 1983, recorded May 6, 1983 for unpaid taxes of class 941 ($2,041.76).

(e) Notice of Federal Tax Lien dated May 16, 1983, recorded May 23, 1983 for unpaid taxes of class 941 ($2,431.90).

(f) Notice of Federal Tax Lien dated July 19, 1983, recorded July 29, 1983 for unpaid taxes of class 941 ($1,619.97).

(g) Notice of Federal Tax Lien dated October 14, 1983, recorded October 19, 1983 for unpaid taxes of class 941 ($1,734.94).

(h) Mechanic's Lien for materials recorded June 7, 1984 by Twin City Storm and Sash Company, Inc. ($550.00).

5. In addition to these obligations, Mitchell failed to pay real estate taxes for the years 1982, 1983 and 1984. He also damaged and failed to insure the subject real property. Mitchell ceased making payment to plaintiffs under the contract in July 1983.

6. Plaintiffs commenced a statutory cancellation of contract for deed proceeding on October 29, 1983 by personally serving Mitchell with a cancellation notice pursuant to Minnesota law. Plaintiffs extinguished Mitchell's interest in the subject real property when Mitchell failed to cure his defaults within the prescribed sixty (60) day time period. On January 12, 1984, plaintiffs recorded their affidavit of noncompliance with the Hennepin County Recorder.

7. No defendant in this action ever gave notice to plaintiffs of any claimed interest at any time. Further, prior to an examination of title, plaintiffs had no knowledge of any claimed interest but their own.

8. At no time did plaintiffs serve defendants with notice of the cancellation of the contract for deed on the subject real property.

9. After discovering defendants' liens, plaintiffs sought the voluntary discharge of the federal tax liens through an administrative proceeding. On October 2, 1984, the defendant United States of America (United States) denied plaintiffs' petition.

10. Likewise, plaintiffs requested defendant Twin City Storm and Sash Company, Inc. (Twin City Storm and Sash) to voluntarily discharge its mechanic's lien recorded on June 7, 1984. That request also went unheeded.

11. All named defendants were duly served with a summons and complaint. Plaintiffs personally served defendants Northland Electric Supply Company (Northland) and the County of Hennepin

(Hennepin). These defendants have failed to answer plaintiffs' summons and complaint and are currently in default.

12. Plaintiffs published statutory notice of their summons and complaint as to defendants Mitchell and David Gellman d/b/a Pearsons (Gellman) since those defendants could not be located. Defendant Twin City Storm and Sash was served with plaintiffs' summons and complaint. Twin City Storm and Sash, however, served an answer and counterclaim upon plaintiffs.

13. All defendants except the State of Minnesota and W.W. Grainger, Inc. were served with plaintiffs' motions for default judgment and summary judgment. All affidavits of service of process and affidavits of publication were filed with the court.

Upon the foregoing undisputed facts, the court makes the following:

## CONCLUSIONS OF LAW

■ 1. Because defendants Mitchell, Northland, Gellman, and Hennepin have failed to answer plaintiffs' complaint, plaintiffs' motion for default judgment against those defendants will be granted. Accordingly, any interest of defendants Mitchell, Northland, Gellman, and Hennepin in the subject real property will be forever forfeited, cancelled, and extinguished.

■ 2. Plaintiffs' cancellation of the contract for deed extinguished Twin City Storm and Sash's mechanic's lien on the subject real estate. Accordingly, plaintiffs' motion for summary judgment against Twin City Storm and Sash will be granted and any interest of defendant Twin City Storm and Sash in the subject real property will be forever forfeited, cancelled, and extinguished.

■ 3. The United States argues that plaintiffs' statutory cancellation of the contract for deed on the subject real property was a "nonjudicial sale" of which the United States had not received notice. Therefore, relying upon 26 U.S.C. § 7425(b) (1982) and 26 C.F.R. § 301.7425–2(a) (1985), the United States contends that plaintiffs' cancellation of the contract for deed did not extinguish the federal tax liens. This court rejects the United States' position and concludes that plaintiffs' cancellation of the contract for deed in the state of Minnesota is not a sale for purposes of § 7425(b). In support of this conclusion, the court adopts the reasoning of the Ninth Circuit in *Brookbank, Inc. v. Hubbard,* 712 F.2d 399 (9th Cir.1983). *See also Runkel v. United States,* 527 F.2d 914 (9th Cir.1975); *Hedlund v. Brellenthin,* 520 F.Supp. 81 (W.D. Wash.1981). The court will therefore grant plaintiffs' motion for summary judgment against the United States and will deny the United States' motion for summary judgment against plaintiffs. Accordingly, any interest of defendant the United States, or any person claiming by, through, or under the United States, in the subject real property will be forever forfeited, cancelled, and extinguished.

Upon the foregoing,

IT IS ORDERED That the United States of America be substituted as a party defendant in place of the District Director of Internal Revenue Service.

IT IS FURTHER ORDERED That plaintiffs' motions for default judgment against defendants Robert A. Mitchell, Northland Electric Supply Co., David Gellman d/b/a Pearsons, and the County of Hennepin be and the same hereby is in all things granted.

IT IS FURTHER ORDERED That plaintiffs' motion for summary judgment against defendant Twin City Storm and Sash Co., Inc. be and the same hereby is in all things granted.

IT IS FURTHER ORDERED That plaintiffs' motion for summary judgment against defendant United States of America be and the same hereby is in all things granted.

IT IS FURTHER ORDERED That the cross motion of defendant United States of America for summary judgment against plaintiffs be and the same hereby is in all things denied.

IT IS FINALLY ORDERED That the clerk enter judgment as follows:

IT IS ORDERED, ADJUDGED AND DECREED That any interest, including liens, of defendants United States of America, Robert A. Mitchell, Northland Electric Co., David Gellman d/b/a Pearsons, County of Hennepin, and Twin City Storm and Sash Co., Inc., in the subject real estate be and the same hereby are in all things forever forfeited, cancelled, and extinguished.