**Andrew B. JOHNSON, Individually and as Personal Representative of the Estate of Andrew Walfrid Johnson, and Joan M.M. Kuder, Appellees,**

v.

**UNITED STATES of America, Appellant.**

**No. 85–5350.**

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1986.

Decided Aug. 20, 1986.

Kenneth L. Greene, Washington, D.C., for appellant.

James B. Dickinson, Wayzata, Minn., for appellees.

Before HEANEY and WOLLMAN, Circuit Judges, and BATTEY,* District Judge.

BATTEY, District Judge.

The United States of America filed this appeal from the district court's [1] judgment which held that a forfeiture of a vendee-taxpayer's interest in real property pursuant to a statutory cancellation of a contract for deed extinguished federal tax liens against the vendor perfected prior to forfeiture. Jurisdiction is conferred on this court by 28 U.S.C. § 1291. For the reasons set forth below, we affirm.

* The HONORABLE RICHARD H. BATTEY, United States District Judge for the District of South Dakota, sitting by designation.

1. The Honorable Donald D. Alsop, Chief Judge, United States District Court for the District of

## I. BACKGROUND

This is a quiet title action involving real property in Hennepin County, Minnesota. On June 11, 1981, appellees Johnson and Kuder (sellers) sold the property to Robert A. Mitchell (Mitchell) under a contract for deed which was recorded in the Hennepin County Recorder's Office on June 25, 1981. Under the contract, Mitchell was entitled to possession and would receive the deed after full payment of the purchase price. He had a duty to pay all real property taxes and keep the property insured. After the sale, Mitchell incurred certain liens which attached to the property, including four federal tax liens totaling $7,828.57. In addition, Mitchell failed to pay real estate taxes in 1982, 1983, and 1984, committed waste on the property, and failed to keep it properly insured. In July 1983, Mitchell ceased making payments to sellers under the contract.

The contract provided that upon Mitchell's noncompliance, the sellers were empowered to "declare this contract cancelled and terminated" upon written notice. Upon cancellation, any improvements and all payments made by Mitchell were to be forfeited to the sellers as liquidated damages. Sellers commenced a statutory cancellation of the contract for deed on October 29, 1983, by personally serving Mitchell with a cancellation notice pursuant to Minnesota law. The contract for deed was cancelled when Mitchell failed to cure his default within the statutorily prescribed 60 day time period in Minn.Stat. § 559.21 (1982). On January 12, 1984, sellers recorded an affidavit of noncompliance with the Hennepin County Recorder.

Sellers did not serve the United States with notice of their intent to cancel the contract for deed, nor did the United States give notice to sellers of any claimed interest stemming from the federal tax liens. Notice to the United States is not required by Minn.Stat. § 559.21.[2] When sellers dis-

Minnesota. The district court's decision is found at 616 F.Supp. 439 (Minn.1985).

2. The statute usually requires only notice to the purchaser, or his personal representatives or assigns. Minn.Stat. § 559.21 (1982). In certain

covered the federal tax liens, they sought a voluntary discharge through an administrative proceeding. This petition was denied on October 2, 1984, and sellers commenced the present quiet title action. Originally, there were other named defendants involved in the case, but only the United States is involved in this appeal.

## II. DISCUSSION

█ There is only one issue in this case: whether a statutory cancellation of a contract for deed is a "nonjudicial sale" within the meaning of 26 U.S.C. § 7425(b)[3]. We conclude that the cancellation of a contract for deed does not constitute a "nonjudicial sale."

The identical issue has been addressed twice by the Ninth Circuit Court of Appeals and once by a district court in that circuit. All three cases arose in Washington. The first case, *Runkel v. United States*, 527 F.2d 914 (9th Cir.1975), was decided prior to the promulgation of 26 C.F.R. § 301.-7425–2[4]. In *Runkel*, the buyer defaulted on a real estate sales contract that provided title was to remain in the sellers until the full purchase price was paid. The United States filed tax liens on the property against the buyers. When the buyers failed to make payments, the sellers eventually declared a forfeiture. The court recognized that a buyer's interest in land purchased under a contract for deed is an interest of the type to which federal tax liens may attach. *Id.* at 916. Therefore, the question in *Runkel* is whether these liens were extinguished by the vendor's declaration of forfeiture. Since state law governs divestiture of federal tax liens except to the extent that Congress has entered the field, *United States v. Brosnan*, 363 U.S. 237, 241, 80 S.Ct. 1108, 1111, 4 L.Ed.2d 1192 (1960), the court reasoned that the declaration of forfeiture was not a nonjudicial sale under § 7425(b) because of Washington law governing real estate contracts of this type. Until the full purchase price has been paid, the seller retains legal title; the buyer has equitable title. When a buyer defaults, possession of the property is returned to the seller under a declaration of forfeiture, but title does not change hands. This contrasts with foreclosure of a mortgage, where there must be a sale so that others can bid on the property, and the title does change hands. The court held that there is a clear distinction between the sale of property as in a mortgage or deed of trust situation and the mere forfeiture of an interest in that property and that therefore, § 7425 does not apply. *Id.* at 917.

A similar situation arose in *Hedlund v. Brellenthin*, 520 F.Supp. 81 (W.D.Wash.

circumstances, notice is also required to be given to the commissioner of revenue. Minn.Stat. § 559.21, Subd. 5 (1982).

**3.** 26 U.S.C. § 7425(b) provides for discharge of liens. It states:

[A] sale of property on which the United States has or claims a lien, or a title derived from enforcement of a lien, under the provisions of this title, may pursuant to an instrument creating a lien on such property, pursuant to a confession of judgment on the obligation secured by such an instrument, or pursuant to a non-judicial sale under a statutory lien on such property—(1) shall, except as other provided, be made subject to and without disturbing such lien or title, if notice of such lien was filed or such title recorded in the place provided by law for such filing or recording more than 30 days before such sale and the United States is not given notice of such sale in the manner prescribed in subsection (c)(1)....

**4.** 26 C.F.R. § 301.7425–2 states in part:

Section 7425(b) contains provisions with respect to the effect on the interest of the United States a property in which the United States has or claims a lien, or a title derived from the enforcement of a lien, of a sale made pursuant to—(1) an instrument creating a lien on the property sold, (2) a confession of judgment on the obligation secured by an instrument creating a lien on the property sold, or (3) a statutory lien on the property.

For purposes of this section, such a sale is referred to as a "nonjudicial sale." The term "nonjudicial sale" includes, but is not limited to, the divestment of the taxpayer's interest in property which occurs by operation of law, by public or private sale, by forfeiture, or by termination under provisions contained in a contract for deed or under a conditional sales contract.

1981). By the time *Hedlund* was decided, the Secretary of the Treasury had promulgated 26 C.F.R. § 31.7425–2(a). The court held that the Treasury Department in this case was attempting to supply omissions or enlarge the scope of the Internal Revenue Code. The district court noted the distinction between the power to prescribe rules and regulations and the power to make law, and concluded the Secretary was attempting to make a law by promulgating this regulation. *Id.* at 83, *citing Manhattan General Co. v. Commissioner of Internal Revenue,* 297 U.S. 129, 134, 56 S.Ct. 397, 399, 80 L.Ed.2d 528 (1936), *reh'g denied* 297 U.S. 728, 56 S.Ct. 587, 80 L.Ed.2d 1010.

■ The *Hedlund* analysis was approved in *Brookbank, Inc. v. Hubbard,* 712 F.2d 399 (9th Cir.1983). The government argued that *Runkel* did not control in light of the subsequently promulgated treasury regulation, 26 C.F.R. § 301.7425–2 (1982), but the Ninth Circuit held the regulation invalid insofar as the regulation mandated that a forfeiture under a contract for deed be treated as a nonjudicial sale. The Ninth Circuit once again cited the *Brosnan* case for the rule that state law determines whether federal tax liens are extinguished unless Congress provides otherwise. The court noted that Congress did to some extent limit the power of states to extinguish tax liens by requiring notice in cases of nonjudicial sales or by judicial proceedings. Therefore, the Ninth Circuit concluded, if state law permits extinction of liens in a manner other than by sales as described in § 7425, notice to the United States is not required. Under Washington law, forfeiture under a contract for deed is not a nonjudicial sale and notice to the United States is not required.

Minnesota law on this issue is virtually identical to the law in Washington. Under Minnesota law, the seller retains the legal title to the property under contract for deed until the buyer has completely performed his obligations, including full payment for the property. *See Romain v. Pebble Creek Partners,* 310 N.W.2d 118,

120 (Minn.1981). This contrasts with the operation of a mortgage under Minnesota law. The mortgagor is the owner of the property and hold legal title to the property. If a mortgagor fails to make payments, the mortgagee may begin a foreclosure by action or foreclosure by advertisement. The mortgagor may bring the mortgage current and stop the foreclosure if a tender of all delinquencies and penalties is made before the sale. In case of a sale, the mortgagor has the right of redemption which is either six months or one year. After the foreclosure sale, the title passes to the purchaser, subject only to the redemption rights of the mortgagor and subsequent lien holders.

## III. CONCLUSION

Under Minnesota law, forfeiture under a contract for deed is not a nonjudicial sale within § 7425 and notice to the United States is not required. 26 C.F.R. § 301.-7425–2 is invalid to the extent that it attempts to mandate that such a forfeiture is a nonjudicial sale. The district court's decision is affirmed. Sellers' motion for attorney's fees under 26 U.S.C. § 7430 (Supp. 1986) is denied.

WOLLMAN, Circuit Judge, dissenting.

I would hold that section 301.7425–2 is a reasonable interpretation of section 7425(b) and that therefore the government's tax lien was not extinguished by the cancellation of the contract for deed. *Consolidated Blenders, Inc. v. United States,* 785 F.2d 259 (8th Cir.1986).