[No. 21709–7–I.   Division One.   June 26, 1989.]

MARSILIO DiGIOVANNI, *Respondent,* v. THE CITY OF TUKWILA, *Appellant.*

*James E. Haney, Ogden, Murphy & Wallace, Mark R. Bucklin,* and *Keating, Bucklin & McCormack,* for appellant.

*Derrill T. Bastian* and *Bastian & Bastian,* for respondent.

GROSSE, A.C.J.—The City of Tukwila (Tukwila) appeals from an adverse judgment on a writ of certiorari. DiGiovanni's petition for writ of certiorari challenged Tukwila's zoning classifications for the McMicken Heights area. Tukwila contends that the petition was untimely filed and that the trial court was without jurisdiction to hear the appeal. We agree.

In 1970, DiGiovanni bought a tract of land located in the McMicken Heights area of King County fronting on South 164th Street. In October of 1975, the County zoned part of the property RM–900 and the other part RM–2400. These zones allowed development on the property for multi–family uses. In 1978–79, DiGiovanni constructed a child care center on the rear part of his property. That use was permitted by the King County zoning laws. In January of 1984, DiGiovanni submitted an application for a building permit to construct a 21–unit apartment house on the remainder of his property. That permit was ready for issuance in October of 1984. However, on February 28, 1985, the McMicken Heights area, including the DiGiovanni property, was annexed into the City of Tukwila by an ordinance that did not specify proposed zoning for the area. Prior to annexation, Tukwila had established comprehensive land use plan designations for all properties in the McMicken Heights area on the basis that the area was within Tukwila's logical planning area and might someday be annexed. The plan had designated DiGiovanni's property as "low density residential". DiGiovanni's property is adjacent to a

busy commercial intersection. Residential properties surround the intersection.

Shortly after annexation, Tukwila began proceedings to establish zoning for the 187–acre newly annexed McMicken Heights area. The Planning Commission held hearings and made a recommendation that DiGiovanni's property be zoned low density residential. The Tukwila City Council held several public hearings and on August 19, 1985, adopted ordinance 1360 which classified DiGiovanni's property as R–1–7.2 (single family residential) and which classified other properties adjacent to the intersection as P–O (professional office use allowing multi–family, professional offices, and educational and government facilities). Eighteen days later on September 6, 1985, DiGiovanni filed a petition for writ of certiorari and a complaint which asserted several causes of action for damages against Tukwila and King County.

The petition for writ of certiorari was bifurcated from the other causes of action. After trial on the writ, the Superior Court entered judgment invalidating the R–1–7.2 zoning for DiGiovanni's property. Tukwila appeals contending that because DiGiovanni's petition for writ of certiorari was not timely filed the trial court was without jurisdiction to hear the matter.

Tukwila Municipal Code 18.90.040 provides as follows:

> The action of the city council on all matters shall be final and conclusive unless, within ten days from the date of the council's action, an applicant or an aggrieved party makes an application to the Superior Court of King County for a writ of certiorari, a writ of prohibition, or a writ of mandamus.

When review of an adjudicatory action such as a rezone is sought, the petitioner must file within the time prescribed by ordinance. *Teed v. King Cy.*, 36 Wn. App. 635, 641–42, 677 P.2d 179 (1984). *See KSLW v. Renton*, 47 Wn. App. 587, 736 P.2d 664 (1986); *Deschenes v. King Cy.*, 83 Wn.2d 714, 521 P.2d 1181 (1974). DiGiovanni does not dispute this rule. Instead, he contends that Tukwila Municipal Code

18.90.040 must be construed harmoniously with RCW 35A-.12.130 which provides that an ordinance does not take effect until 5 days after the date of its publication unless otherwise provided by statute or charter. He notes that the zoning ordinance in question, ordinance 1360, provided it would be effective 5 days after passage and publication. DiGiovanni urges us to accept a construction that would allow commencement of the 10–day appeal period from the date the ordinance was effective.

■■ We cannot accept DiGiovanni's argument because of the plain language of the ordinance, Tukwila Municipal Code 18.90.040. Our construction must carry out the intent of the lawmaking body which, in turn, must be determined primarily from the language of the statute itself. *State v. Neslund,* 103 Wn.2d 79, 82, 690 P.2d 1153 (1984). According to that language the 10–day limitation period runs from the date of the council's action. "Action" is ordinarily defined as "the process of doing: exertion of energy: PERFORMANCE: manner of doing" or "a voluntary act of will that manifests itself externally . . . a thing done: DEED". *Webster's Third New International Dictionary* 21 (1981). When language is as plain and free from ambiguity as the language in the Tukwila ordinance, an appellate court cannot engage in a construction of the statute because the language itself conveys the meaning and intent of the lawmaking body. *Bavarian Properties, Ltd. v. Ross,* 104 Wn.2d 73, 77, 700 P.2d 1161 (1985). The 10–day period for appeal runs from the date that the zoning ordinance was passed by the city council, not from the effective date of the ordinance.

This is the only sensible construction of the ordinance. Not all council actions take the form of an ordinance, particularly in zoning matters. The specific provision for appeals in zoning matters covers all council actions. Application of a different rule when the action is in the form of an ordinance would add unnecessary confusion. If an appeal is taken from a zoning ordinance, the provisions of Tukwila Municipal Code 18.90.040 stay the ordinance's effective date while the appeal is pending. Thus, the section

of the zoning ordinance that provides that the ordinance will be effective 5 days after publication simply does not come into play.

There is an additional basis for rejecting DiGiovanni's reasoning. The statute and parallel ordinance providing for a delayed effective date are general rules applicable to all ordinances passed by the Tukwila City Council. Tukwila Municipal Code 18.90.040 is a special statute addressing appeals from decisions of the city council in zoning matters. In this circumstance, the special statute supersedes the general. *General Tel. Co. of the Northwest, Inc. v. Utilities & Transp. Comm'n,* 104 Wn.2d 460, 706 P.2d 625 (1985).

Because DiGiovanni filed his petition more than 10 days after August 19, 1985, the date Tukwila ordinance 1360 was passed, the trial court did not have jurisdiction to review ordinance 1360 by writ of certiorari.

We reverse the judgment and remand for further proceedings consistent with this opinion.

PEKELIS, J., and COLE, J. Pro Tem., concur.

Reconsideration denied October 4, 1989.

Review denied at 114 Wn.2d 1001 (1990).