[No. 27669-7-I.   Division One.   March 23, 1992.]

BIRCH BAY TRAILER SALES, INC., ET AL, *Appellants,* v. WHATCOM COUNTY, ET AL, *Respondents.*

*Peter J. Eglick,* for appellants.

*David S. McEachran, Prosecuting Attorney,* and *Randall J. Watts, Deputy; Amy L. Kosterlitz, Keith E. Moxon, Madeleine Brenner,* and *Buck & Gordon,* for respondents.

GROSSE, C.J. — Birch Bay Trailer Sales, Inc., and Birch Bay Trailer Park, Inc., appeal the Superior Court's dismissal of its appeal of a land-use decision of the Whatcom County Council. We affirm.

Birch Bay Trailer Sales, Inc., and Birch Bay Trailer Park, Inc. (collectively Birch Bay) own two pieces of property in Whatcom County, one to the east, the other to the west of respondent Osberg Construction Company's property. Osberg applied for a conditional use permit (CUP) and zoning vari-

ance from Whatcom County to site a recreational vehicle and mobile park resort community on its parcel. Birch Bay unsuccessfully opposed the CUP and variance before the Whatcom County Hearing Examiner. The hearing examiner, in a written decision, granted Osberg's CUP and variance permits. Birch Bay then appealed the hearing examiner's decision to the Whatcom County Council.

The Whatcom County Council affirmed the hearing examiner's decision approving the CUP and variances. On August 20, 1990, the chair of the Whatcom County Council submitted written findings of fact and conclusions of law to the county clerk, stating the decision was affirmed. On the same day, the chair also submitted a written decision to the county clerk explaining the reasoning for the decision. On August 20, 1990, the county clerk placed both documents in the files and made copies of both documents available for public inspection.

Although both documents are dated August 20, 1990, the Whatcom County Clerk stated in a sworn declaration that the written decision was not actually signed until August 24 or 27, 1990, and was then backdated August 20, 1990. The parties do not dispute that the decision was antedated.

On August 31, 1990, counsel for Birch Bay filed an application for a writ of review and declaratory relief in Whatcom County Superior Court requesting review of the council's findings and decision.[1] Counsel believed the decision was not appealable until dated.[2] Birch Bay's writ application was neither verified nor supported by an affidavit from Birch Bay or its attorney, as prescribed by the applicable statute, RCW 7.16.050. After service of the writ application, Osberg moved to dismiss the writ action on four grounds, only two of which

---

[1]Three avenues exist to appeal an agency decision in a land use case such as this: (1) direct appeal as provided by statute, (2) writ of review pursuant to RCW 7.16.040 ("statutory" certiorari), and (3) discretionary review under the court's inherent constitutional powers ("constitutional" or "common law" certiorari).

[2]Counsel for Birch Bay on appeal were not counsel at the time of filing of the application for writ of review.

are relevant here: the writ application was (1) untimely and (2) not supported by an affidavit as required by RCW 7.16-.050.

The trial court granted Osberg's motion to dismiss on these grounds and denied Birch Bay's request for a constitutional writ of review, stating that the matter at issue concerned no more than a typical dispute between landowners, and that an alternative remedy, the statutory writ under RCW 7.16, was available. We agree.

The Whatcom County Code (WCC), governing appeals in this case, establishes a 10-day appeal period to appeal the county council's action. WCC 20.92.820 incorporates by reference the appeal provisions of RCW 36.70.890 which provides:

> The *action* by the board of adjustment on an application for a conditional use permit or a variance, or on an appeal from the *decision* of the zoning adjustor or an administrative officer shall be final and conclusive unless *within ten days from the date of said action* the original applicant or an adverse party makes application to a court of competent jurisdiction for a writ of certiorari, a writ of prohibition or a writ of mandamus.

(Italics ours.)

■ Because the statute is not on its face ambiguous, its plain meaning controls. *DiGiovanni v. Tukwila*, 54 Wn. App. 627, 774 P.2d 1244 (1989), *review denied*, 114 Wn.2d 1001 (1990). *DiGiovanni* involved a statute whose language is almost identical to the one at issue here. In *DiGiovanni*, a property owner sought judicial review of the zoning of his property by the city which had recently annexed the property. The statute governing appeals from such actions reads:

> The *action* of the city council on all matters shall be final and conclusive unless, *within ten days from the date of the council's action,* an applicant or an aggrieved party makes an application to the Superior Court of King County for a writ of certiorari, a writ of prohibition, or a writ of mandamus.

(Italics ours.) *DiGiovanni*, 54 Wn. App. at 629 (quoting Tukwila Municipal Code 18.90.040).

■ The methodology employed by this court in deciding *DiGiovanni* controls. DiGiovanni argued that "action" should be interpreted to mean the date the ordinance took effect,

not the date it was passed by the city council. In rejecting his argument the court noted that the statute's language was plain, and that in construing the statute the court should respect legislative intent, to be ascertained from the language of the statute itself.[3] *DiGiovanni,* 54 Wn. App. at 630 (citing *State v. Neslund,* 103 Wn.2d 79, 82, 690 P.2d 1153 (1984)). The court therefore looked to the ordinary meaning of "action" as defined in *Webster's Third New International Dictionary* 21 (1981):

> "the process of doing: exertion of energy: PERFORMANCE: manner of doing" or "a voluntary act of will that manifests itself externally . . . a thing done: DEED".

*DiGiovanni,* 54 Wn. App. at 630.[4]

Birch Bay argues that WCC 20.92.650 should inform the court's interpretation of "action" under RCW 36.70.890. WCC 20.92.650 provides that "[w]ithin thirty-five (35) days after the filing of the respondent's written argument, the County Council shall issue a written decision together with findings of fact and conclusions of law." Even this reading, however, renders Birch Bay's writ untimely; the *written* (signed) findings and conclusions and the *written* (unsigned) decision were in possession of the county clerk on August 20, 1990. Using this date, the appeal period expired on August 30, 1 day before Birch Bay's appeal was filed on August 31.

Birch Bay analogizes to judicial proceedings to contend that the period for appeal does not begin to run until the decision is signed. For example, CR 58 states that all judgments shall be entered after they are signed by the judge,

---

[3]"When language is as plain and free from ambiguity . . . an appellate court cannot engage in a construction of the statute because the language itself conveys the meaning and intent of the lawmaking body." *DiGiovanni,* 54 Wn. App. at 630 (citing *Bavarian Properties, Ltd. v. Ross,* 104 Wn.2d 73, 77, 700 P.2d 1161 (1985)).

[4]Imparting the plain meaning to the statute's language here, *particularly because the appeal ordinance neither requires the decision to be signed* nor even written, the relevant "action" could be as early as the date the county council affirmed the hearing examiner's decision (August 7, 1990). By this reading, the appeal period would have expired on August 17, 1990. Because Osberg has abandoned this method of calculating the appeal period, we need not address it.

and shall be deemed entered for all procedural purposes from the time of delivery to the clerk for filing. Birch Bay also urges the court to read "action" under RCW 36.70.890 to mean "final action" as defined in CR 54(a). CR 54(a) provides in pertinent part: "A judgment shall be in writing and signed by the judge and filed forthwith . . .".

These considerations cannot modify the operation of a statute whose language is clear and unambiguous. *See DiGiovanni*. The 10-day statute of limitation commenced running on the date the board "acted", *i.e.*, on August 20, 1990, when it submitted findings and conclusions, along with a decision (unsigned), to the Whatcom County Clerk. Birch Bay's appeal, filed on August 31, 1990, was therefore untimely, thus depriving the trial court of jurisdiction to hear the case.

Birch Bay maintains that the trial court should have granted the writ application under RCW 7.16.050, although it was neither verified nor accompanied by an affidavit as that statute requires, because the signature of its attorney is sufficient to meet the affidavit requirement. RCW 7.16-.050 sets forth the requirements for writs:

> The application must be made on affidavit by the party beneficially interested, and the court may require a notice of the application to be given to the adverse party, or may grant an order to show cause why it should not be allowed, or may grant the writ without notice.

■ While Washington courts have been willing to interpret this language flexibly with respect to the affidavit requirement,[5] no case supports as broad a reading as Birch

---

[5]The Washington Supreme Court, for example, has held that a verified complaint satisfies the affidavit requirement for a certiorari petition under RCW 7.16.050. *Gordon v. Seattle-First Nat'l Bank*, 49 Wn.2d 728, 306 P.2d 739 (1957). However, "[v]erification requires a swearing to the truthfulness of the document by the signor and the mere signature of counsel alone, as allowed by CR 11, is not in compliance with [the applicable statute requiring petition for a writ to be verified by petitioner or his counsel]." *State v. Holland*, 7 Wn. App. 676, 680, 501 P.2d 1243 (1972). This court has held that an application for a writ of certiorari is not defective because it is supported by an affidavit of the defendant's attorney and not the defendant. *Harkins v. South Dist. Justice Court*, 34 Wn. App. 508, 511, 662 P.2d 403, *review denied*, 100 Wn.2d 1002 (1983). In so holding, the court mentioned CR 11, although it did not specify in what capacity that rule is persuasive. *Harkins*, 34 Wn. App. at 511.

Bay urges upon this court. Birch Bay argues that an unsworn statement is sufficient to satisfy the affidavit requirement if RCW 7.16.050 is read in conjunction with GR 13, which permits execution of affidavits in accordance with RCW 9A.72.085. The argument is without merit. RCW 9A.72.085 only permits the substitution of an unsworn written statement for an affidavit if, among other requirements, that statement "[r]ecites that it is certified or declared by the person to be true *under penalty of perjury*". (Italics ours.) Because the attorney's signature pursuant to CR 11 is not made under penalty of perjury, RCW 9A.72.085 does not salvage the writ.

Birch Bay further asserts that any infirmity under the statute was cured by the submission of an affidavit filed on December 21, 1990. While Birch Bay indeed could have cured, the affidavit should have been filed within 90 days from the filing of the writ application. *Sterling v. Spokane Cy.*, 31 Wn. App. 467, 472-73, 642 P.2d 1255 (extending the 90-day extension provided in CR 3(a) to the filing of writs of certiorari and supporting affidavits), *review denied*, 97 Wn.2d 1041 (1982). The affidavit (filed December 21, 1990) was untimely because it was filed more than 90 days after the writ of application (filed August 31, 1990).

For the foregoing reasons, Birch Bay's writ is inadequate and the Superior Court did not err in refusing to entertain the appeal.

Apart from its statutory writ authority under RCW 7.16.040, the superior court has inherent constitutional authority to entertain a writ of review.[6] Exercise of this inherent power is discretionary and will not ordinarily occur

---

[6]"Constitutional" or "common law" certiorari is not full appellate review on the merits. Rather, it is a limited review designed to ascertain whether the decision or act below was arbitrary and capricious or illegal, thus violating appellant's fundamental right to be free from such action. *Bridle Trails Comm'ty Club v. Bellevue*, 45 Wn. App. 248, 251-52, 724 P.2d 1110 (1986) (citing *Pierce Cy. Sheriff v. Civil Serv. Comm'n*, 98 Wn.2d 690, 693-94, 658 P.2d 648 (1983); *Williams v. Seattle Sch. Dist. 1*, 97 Wn.2d 215, 221-22, 643 P.2d 426 (1982)). A refusal to grant a constitutional writ is reviewed under an abuse of discretion standard.

if either a statutory writ or a direct appeal is available, unless the appellant can show good cause for not using those methods. *Bridle Trails Comm'ty Club v. Bellevue*, 45 Wn. App. 248, 252-53, 724 P.2d 1110 (1986). "The superior court may in its discretion refuse to exercise its inherent powers of review so long as tenable reasons are given to support that discretionary ruling." *Bridle Trails*, 45 Wn. App. at 252.

Abuse occurs when a court's decision is " 'manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons.' " *Phillips v. Seattle*, 51 Wn. App. 415, 423, 754 P.2d 116 (1988) (quoting *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)), *aff'd*, 111 Wn.2d 903 (1989).

Here, the trial judge stated:

[T]he Court is not satisfied that . . . this matter rises to the matter of a constitutional action; otherwise, I think every . . . single property action taken by any County Council or zoning examiner would rise to the constitutional levels, and . . . I think this is a typical complaint of concern of neighboring property owners and see nothing that would raise this to a constitutional level not already covered by the other writ processes available.

Because the power is discretionary with the superior court, the reasons given do not indicate an abuse of discretion, and because Birch Bay did not show good cause to excuse use of the alternative statutory writ remedy, the trial court committed no error in denying the writ.

The judgment of the trial court is affirmed.

COLEMAN and WEBSTER, JJ., concur.

Reconsideration denied May 18, 1992.

Review denied at 119 Wn.2d 1023 (1992).