[No. 37704-3-I.   Division One.   December 19, 1996.]

F. MICHAEL KILPATRICK, ET AL., *Appellants*, v. THE CITY OF ANACORTES, ET AL., *Respondents*.

*C. Thomas Moser*, for appellants.
*Stephen E. Mansfield, City Attorney*, for respondents.

Becker, J. — The Anacortes Board of Adjustment voted at a public meeting to deny the Kilpatricks' application for a variance. Twenty-seven days later, the Kilpatricks sought review in superior court. The statutory time limit for seeking a writ is 10 days from the Board's "action." The court dismissed their complaint as untimely. We affirm, rejecting the argument that "action" requires entry of a written document. The "action" that triggered the appeal period was the Board's vote.

## MOOTNESS

F. Michael and Sally Kilpatrick sought a variance to build two houses on a 10,500-square-foot parcel where the minimum lot size for one house was 7,500. When the Board denied the variance, the Kilpatricks filed in superior court a complaint and applications for writs of mandamus and certiorari. Their pleadings included a claim for damages. The superior court determined that the Kilpatricks did not timely file the action, and dismissed it with prejudice. The Kilpatricks filed this appeal. They have now sold their entire interest in the lot. Because of the sale, the City requests this court to terminate review for mootness.

This court dismisses an appeal where the substantial question involved in the trial court no longer exists.[1] It is clear that the trial court may not compel the Board of Adjustment to grant the Kilpatricks a variance to build on property they do not now own. But the City has not conclusively demonstrated that the trial court is thereby unable to grant them relief in damages. We therefore deny the City's petition to terminate review.

## TIMELINESS

The Kilpatricks contend that the superior court erred when it determined that the appeal was untimely under RCW 35A.63.110. That statute provides that Board "ac-

---

[1]*Sorenson v. City of Bellingham,* 80 Wn.2d 547, 558, 496 P.2d 512 (1972).

tion" is "final and conclusive" unless appealed within 10 days from the date of the "action."[2] By a vote of two to two, the Board failed to adopt the hearing examiner's recommendation in favor of a variance on April 19, 1994. By a vote of two to two, the Board also failed to approve the variance on September 1, 1994. The record reflects that Mr. Kilpatrick was present at this hearing when the Board took its vote. The Kilpatricks filed their appeal to the superior court on September 28, 1994. The trial court concluded that the board vote on September 1 was a final and conclusive action, and dismissed all the Kilpatricks' claims with prejudice.

The Kilpatricks contend that only a written decision can be a final decision marking the beginning of an appeal period. They argue by analogy to the rule that a court's decision is not final until reduced to writing.[3] We reject the invitation to engraft rules of judicial procedure upon an appeal governed by its own statute. Instead, we undertake to determine what the Legislature meant, in

---

[2]RCW 35A.63.110 provides in part:

"The action of the board of adjustment shall be final and conclusive, unless, within ten days from the date of the action, the original applicant or an adverse party makes application to the superior court for the county in which that city is located for a writ of certiorari, a writ of prohibition, or a writ of mandamus. . . . Subject to conditions, safeguards, and procedures provided by ordinance, the board of adjustment may be empowered to hear and decide:

". . . .

"(2) Applications for variances . . . .

". . . .

"In deciding any of the matters referred to in subsections (1), (2), (3), and (4) of this section, the board of adjustment shall issue a written report giving the reasons for its decision."

[3]See RAP 5.2 (time for appealing begins to run on date court decision is entered, which under CR 5(e) occurs when "papers" are filed with the court); State v. Dailey, 93 Wn.2d 454, 458-59, 610 P.2d 357 (1980) (court's oral decision not binding unless incorporated into findings of fact, conclusions of law, and judgment); State v. Rundquist, 79 Wn. App. 786, 792, 905 P.2d 922 (1995) (timeliness of appeal measured from date of written dismissal, not verbal dismissal), review denied, 129 Wn.2d 1003 (1996); See also Davenport v. City of Grosse Point Farms Bd. of Zoning Appeals, 210 Mich. App. 400, 534 N.W.2d 143 (1994) (per curiam) (applying analogy to court rules in a zoning case; holding that the date of certification of the minutes best meets the need for a formal entry of an order).

RCW 35A.63.110, by referring to an "action" that is "final and conclusive."

In *DiGiovanni v. City of Tukwila*,[4] we held that the city council's act of passing a zoning ordinance, rather than the ordinance's effective date, was the council's final and conclusive action. We understood the term "action," as used in the provision for appeal from actions of Tukwila's city council,[5] to have its ordinary dictionary meaning of "the process of doing: exertion of energy: PERFORMANCE: manner of doing" or "a voluntary act of will that manifests itself externally . . . a thing done: DEED."[6]

Similarly, in the context of a city council's decision to rezone, this court held in *Concerned Organized Women & People Opposed to Offensive Proposals, Inc. v. City of Arlington*[7] that the appropriate appeal-triggering event is the date of the meeting when the council made its decision, even if subsequent publication of an ordinance is required. "The council's decision is public and the interested parties are usually present at the meeting at which the decision is made."[8] The date of a meeting when a Board takes its final vote is an appropriate trigger because it is "easily determined and precisely fixed and

---

[4]*DiGiovanni v. City of Tukwila*, 54 Wn. App. 627, 630, 774 P.2d 1244 (1989), *review denied*, 114 Wn.2d 1001 (1990).

[5]Tukwila Municipal Code 18.90.040 provided as follows:

"The action of the city council on all matters shall be final and conclusive unless, within ten days from the date of the council's action, an applicant or an aggrieved party makes an application to the Superior Court of King County for a writ of certiorari, a writ of prohibition, or a writ of mandamus."

*DiGiovanni*, 54 Wn. App. at 629.

[6]*DiGiovanni*, 54 Wn. App. at 630 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 21 (1981)).

[7]*Concerned Organized Women & People Opposed to Offensive Proposals, Inc. v. City of Arlington*, 69 Wn. App. 209, 847 P.2d 963, *review denied*, 122 Wn.2d 1014 (1993).

[8]*Concerned Women*, 69 Wn. App. at 219.

because all parties to the public proceeding will ordinarily know of the Board's public vote at the time it is taken."[9]

■ The appeal statute in the Kilpatricks' case provides that the Board "shall issue a written report giving the reasons for its decision."[10] But the Board's vote, not a report explaining the vote, is the "action" contemplated by the statute.[11] For this reason it is immaterial that the record before us does not indicate whether the Board ever issued a written report of its reasons for denying the Kilpatricks' variance request.

What is material is the "final and conclusive" nature of the Board's rejection of the variance application on September 1, 1994. An oral vote will not be final if further action is necessary to complete it—for example, when a vote to approve a variance is followed by a written order setting forth detailed conditions. As our Supreme Court reasoned in *North Street Ass'n v. City of Olympia,*[12] "It would be fundamentally unfair to require that a writ be filed before the scope of the approval is known."[13] But here, the Board's vote denied the variance. The Board neither contemplated nor needed further formal action to effectuate that decision.[14] There is no basis in the record for the Kilpatricks' assertion that the way remained open for them to seek another vote from the Board of Adjustment after its decision on September 1. Nothing in the transcript

[9]*Vachon v. Town of Kennebunk*, 499 A.2d 140, 142 (Me., 1985).

[10]RCW 35A.63.110.

[11]*See Biggs v. Board of Zoning Appeals of Wabash*, 448 N.E.2d 693, 694 (Ind. App. 1983) ("Minutes are a recordation of events which have previously occurred. They are not the event, but a record of the transpired event. The event, a decision on a variance request made by a vote, occurred on September 17, 1981 regardless of when, if ever, it was memorialized.").

[12]*Concerned Organized Women and People Opposed to Offensive Proposals, Inc. v. City of Arlington*, 69 Wn. App. 209, 847 P.2d 963, *review denied*, 122 Wn.2d 1014 (1993).

[13]*North St. Ass'n v. City of Olympia*, 96 Wn.2d 359, 370, 635 P.2d 721 (1981).

[14]*Cf. Miswald v. Waukesha County Bd. of Adjustment*, 202 Wis.2d 401, 550 N.W.2d 434, 437 (1996), *review denied*, 555 N.W.2d 125 (1996).

of that meeting indicates that the Board's decision was subject to later modification.

The Kilpatricks ask that we consider the appeal procedures provided by the Land Use Petition Act.[15] We have not done so because the events in this case occurred before that Act went into effect.

Finally, the Kilpatricks argue that an Anacortes zoning ordinance requires the Board to enter findings. But the cited ordinance, by its terms, only applies to cases where the Board grants the variance.

We hold that the Board's vote was its final and conclusive action and no written document was necessary to begin the appeal period. The trial court properly dismissed the Kilpatricks' complaint.

Affirmed.

KENNEDY, A.C.J., and COX, J., concur.

---

[15]LAWS OF 1995, ch. 347, § 701-15 (codified at RCW 36.70C.005-900).