[No. 52190-0-I.  Division One.  August 9, 2004.]

Bellewood No. 1, L.L.C., et al., *Appellants*, v. Loma, et al., *Respondents*.

---

*Donald E. Marcy, J. Thomas Richardson,* and *Diana S. Shukis* (of *Cairncross & Hempelmann, P.S.*), for appellants.

*Wayne D. Tanaka* and *Vicki E. Orrico* (of *Ogden Murphy Wallace, P.L.L.C.*), for respondent City of Issaquah.

*Duana T. Kolouskova* (of *Johns Monroe Mitsunaga, P.L.L.C.*), for respondent LOMA.

¶1 KENNEDY, J. — The city of Issaquah (City) entered into a preannexation zoning agreement with Lutheran Outdoor

Ministry Association Center for Renewal (LOMA). LOMA agreed to support the City's annexation of certain property, including LOMA's property, located in unincorporated King County, and the City agreed that, upon annexation, LOMA's property would be rezoned so as to permit LOMA's continued operation and expansion of its charitable operations. On May 6, 2002, the City adopted the zoning regulations that were to become effective when the properties were annexed, including the zoning regulations previously negotiated with LOMA. On May 22, 2002, an election was held and the electorate approved the annexation and the preannexation zoning. On July 1, 2002, the City passed an ordinance annexing the property effective January 1, 2003.

¶2 On January 21, 2003, the appellants Bellewood No. 1 L.L.C., and Sammamish Woods L.L.C. (hereinafter collectively referred to as Bellewood) filed a complaint seeking declaratory judgment that the rezone of LOMA's property was invalid. Thereafter, the City filed a motion to dismiss the lawsuit on grounds that it was time barred. The trial court granted the motion, and Bellewood appeals.

¶3 Because the trial court properly concluded that the triggering event commencing the time limitation for bringing the lawsuit was the adoption of the preannexation zoning ordinance on May 6, 2002, we affirm. Accordingly, we do not need to decide whether Bellewood was required to bring the lawsuit within 14 days of the triggering event by analogy to an Issaquah city ordinance governing judicial appeals of most city decisions or within 21 days of the triggering event by analogy to the Land Use Petition Act (LUPA), chapter 36.70 RCW, which does not apply to annexations but which sets the procedure for appeal of most other land use decisions made under state law. In either event, the time for challenging the validity of the pre-annexation zoning expired long before Bellewood commenced the lawsuit.

I

¶4 Chapter 35A.14 RCW authorizes code cities such as

the city of Issaquah to annex property and to adopt proposed zoning regulations that will become effective upon such annexation. *See generally*, RCW 35A.14.010, .100, .330-.340. *See also* RCW 35A.14.015 (providing that where the code city has filed a proposed zoning ordinance for the area to be annexed, the resolution initiating the election may also provide for the simultaneous adoption of the proposed zoning regulation upon approval of the annexation by the electorate).

¶5 Bellewood does not challenge the validity of the annexation; rather, it challenges the validity of the process by which the City adopted the preannexation zoning ordinance. Bellewood asserts that the triggering event for the time limitation on its action was the date that the zoning ordinance became effective, January 1, 2003. The City and LOMA argue that the triggering date was May 6, 2002, the date of enactment of the preannexation zoning ordinance. We agree with LOMA and the City.

¶6 In *Concerned Organized Women & People Opposed to Offensive Proposals, Inc. v. City of Arlington*, 69 Wn. App. 209, 218, 847 P.2d 963 (1993), the court held that the time limit for an appeal of a rezone ordinance ran from the date of adoption of the ordinance, not the later effective date of the ordinance. Thus, the court determined that appellants' failure to file suit within 30 days from the adoption of the ordinance, as required by analogous statutes, barred their claim. *Concerned Women*, 69 Wn. App. at 217-18. Similarly, the court in *DiGiovanni v. City of Tukwila*, 54 Wn. App. 627, 630, 774 P.2d 1244 (1989) held that a council's "action" for purposes of the 10-day deadline specified in the municipal code for challenging the validity of an action was the enactment of the zoning ordinance, rather than the date of publication or the effective date of the ordinance. Thus, the court barred a challenge that was not brought within 10 days of the enactment of the ordinance.

¶7 Bellewood argues that *Concerned Women* and *DiGiovanni* do not apply because there the municipalities in question enacted zoning ordinances over property that was

already located within the relevant boundary. *See Concerned Women*, 69 Wn. App. at 212 (rezoning by city of property located within city limits); *DiGiovanni*, 54 Wn. App. at 628 (rezoning by county of property located within unincorporated area of the county). Here, LOMA's property was not located within the Issaquah city limits until the annexation became effective on January 1, 2003. Thus, Bellewood argues, despite the precedent established by *Concerned Women* and *DiGiovanni*, the triggering date for purposes of a timely challenge in this case should be January 1, 2003.

¶8 *Concerned Women* and *DiGiovanni* establish the general rule that ordinances are final decisions when they are enacted, regardless of whether they become effective at a later date. Bellewood nevertheless argues that principles of ripeness require a different result with respect to preannexation zoning ordinances. We disagree.

¶9 State policy favors expeditious review of land use decisions so that legal uncertainties can be promptly resolved and land development not be unnecessarily delayed by litigation-based delay. *See, e.g., City of Federal Way v. King County*, 62 Wn. App. 530, 538, 815 P.2d 790 (1991); *see also Deschenes v. King County*, 83 Wn.2d 714, 717, 521 P.2d 1181 (1974). Application of the principle that the validity of an ordinance becomes "ripe" for review when the ordinance is adopted furthers this policy.

¶10 A justiciable or "ripe" controversy must exist before a court may rule by declaratory judgment. *Neighbors & Friends of Viretta Park v. Miller*, 87 Wn. App. 361, 382, 940 P.2d 286 (1997) (*Viretta Park*) (citing *Walker v. Munro*, 124 Wn.2d 402, 411, 879 P.2d 920 (1994)). A justiciable controversy is (1) an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that are direct and substantial rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and

conclusive. *Viretta Park*, 87 Wn. App. at 383 (citing *Walker*, 124 Wn.2d at 411). Another way of stating the requirement is that "a claim is ripe for judicial determination if the issues raised are primarily legal and do not require further factual development, and the challenged action is final." *Id.*

¶11 Here, the City and LOMA engaged in negotiations and came to agreement regarding rezoning that was incorporated into both the preannexation agreement between the City and LOMA and the preannexation zoning ordinance. Such acts or omissions as might raise doubt regarding the validity of the preannexation zoning ordinance had already taken place when the ordinance was enacted. The dispute between Bellewood, the City and LOMA became actual, present and existing upon the enactment of the ordinance. Although it is true that the dispute would have become largely academic if the annexation had never been completed, the City's enactment of the ordinance was nevertheless "final" for purposes of judicial review. Any judicial determination resolving the merits of the dispute would have been final and conclusive as to the validity of the preannexation ordinance regardless of the outcome of the special election. And finally, upon enactment of the preannexation zoning ordinance, there were no more facts to be developed regarding the procedures leading up to that enactment, and the issues were primarily legal in nature.

¶12 The legislature has expressly authorized code cities to enact preannexation zoning ordinances, thereby adopting zoning regulations that will become effective upon completion of annexations. A preannexation zoning ordinance is no less "final" in terms of the process of city decision making than any other kind of ordinance. The statutory scheme permits code cities and property owners to negotiate proposed zoning regulations that can be enacted in advance and presented to the electorate for approval at the time of the annexation election. The outcome of a particular annexation election may very well depend upon the nature of the preannexation zoning ordinance—

property owners in the area to be annexed may support or oppose annexation depending upon the way that their property will be rezoned when the annexation is completed. Thus, public policy is served by the early resolution of disputes regarding the validity of preannexation zoning ordinances.

¶13 In sum, the trial court did not err by concluding that the triggering event for purposes of the time for appeal of the process leading to the adoption of the preannexation zoning ordinance was the enactment of that ordinance.

## II

¶14 Declaratory judgments are governed by chapter 7.24 RCW, which contains no provision stating the time limit for bringing an action. Accordingly, such actions must be brought within a "reasonable" time, which will be "determined by analogy to the time allowed for appeal of a similar decision as prescribed by statute, rule of court, or other provision." *City of Federal Way*, 62 Wn. App. at 536-37. Issaquah Municipal Code 1.32.140 provides that judicial appeals must be filed and served within 14 days of the day of the decision being appealed. The City and LOMA argue that since the annexation was conducted under chapter 18.04 of the Issaquah Municipal Code and chapter 35A.14 RCW, Bellewood had 14 days from the date of enactment of the ordinance to bring its action. Bellewood argues that the City acted under authority of state law and therefore LUPA governs the time for appeal—by analogy—even though RCW 36.70C.020(1)(a) expressly provides that LUPA does not apply to area-wide rezones and annexations. Thus, Bellewood argues that it had 21 days from the date of its proposed triggering event—the effective date of the annexation—to bring its action. Indeed, Bellewood filed its action on January 21, 2003, 20 days after the annexation became effective.

¶15 Our decision that the triggering event governing the time for bringing the lawsuit was the enactment of the

preannexation zoning ordinance trumps this issue, and we are not required to decide it in this appeal. Bellewood waited some eight months after the triggering event to bring its lawsuit—far beyond the time provided by any analogous statute, court rule, or other provision. Accordingly, the trial court did not err by dismissing Bellewood's action as time barred.

¶16 Affirmed.

BECKER and APPELWICK, JJ., concur.

Review denied at 154 Wn.2d 1004 (2005).